IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN C. SEARCY, as Personal Representative and Administrator of the Estate of Isaiah Searcy, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:23-cv-750-ECM [WO] |
| PFIZER, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**O R D E R**

**I. INTRODUCTION**

This case arises out of the death of Isaiah Searcy ("Isaiah"), who died after receiving a COVID-19 vaccine. Plaintiff Kevin C. Searcy ("Plaintiff"), the administrator of Isaiah's estate, brought this action in state court, asserting multiple claims under Alabama law. The case was removed to this Court on December 29, 2023. (Doc. 1). The Plaintiff has sued the following thirteen Defendants: Pfizer, Inc. and BioNTech (the "Pfizer Defendants"); Baptist Health, Baptist Medical Center South, Baptist Medical Center East, and Montgomery Baptist Hospital (the "Baptist Health Defendants"); ScribeAmerica, LLC ("ScribeAmerica"); Moderna US, Inc. and Moderna Services, Inc. (the "Moderna Defendants"); Johnson & Johnson and Janssen (the "J&J Defendants"); and the Department of Defense and the Secretary of Health and Human Services (the "Government").

1

Now pending before the Court are motions to dismiss filed by various Defendants. (Docs. 20, 23, 26, 28, and 71). Upon review of the record, and for the reasons that follow, the Court finds that the complaint is due to be stricken as an impermissible shotgun pleading, with an opportunity for the Plaintiff to amend the complaint.

## II.  LEGAL STANDARD

A complaint must be pleaded in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions on proper pleading of a complaint. Rule 8(a)(2) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The purpose of these rules is to allow the opposing party to "discern what [the plaintiff] is claiming and frame a responsive pleading," and to allow the Court to "determine which facts support which claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.*

The Eleventh Circuit has identified four types of shotgun pleadings, and "[t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type is a complaint which is "replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. The fourth and final type of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* "[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).[1]

### III.  BACKGROUND

The complaint alleges the following pertinent facts, which the Court assumes are true at this stage:  Isaiah was "mandated and coerced to take the [COVID-19] vaccine in November 2021" in order to "comply with one or more mandates, and to be able to work inside a Defendant hospital as an employee and/or intern." (Doc. 1-2 at 6). On November 23, 2021, Isaiah presented to the Baptist East emergency room with chest pain and shortness of breath. Isaiah eventually passed away in the emergency room. According to the complaint, an expert physician has opined that Isaiah died "as the direct and proximate result of a vaccine injury." (*Id.*). Construing the complaint liberally, it is alleged that the

---

[1] The Moderna Defendants argue that the complaint is a shotgun pleading. (*E.g.*, doc. 24 at 31–34).

Pfizer Defendants, the Moderna Defendants, and the J&J Defendants are manufacturers of COVID-19 vaccines. (*E.g.*, *id.* at 11, para. 49).[2] ScribeAmerica and the Baptist Health Defendants are alleged to have exercised "supervisory control over Isaiah Searcy during his internship and/or part-time employment." (Doc. 1-2 at 4, paras. 8–10).

The Plaintiff brings the following twelve claims against all Defendants: a claim under the Alabama Extended Manufacturer's Liability Doctrine (Count I); failure to warn (Count II); breach of warranty of merchantability (Count III); negligence (Count IV); wantonness (Count V); fraud—misrepresentation (Count VI); fraud—suppression (Count VII); outrage and invasion of privacy (Count VIII); battery (Count IX); breach of contract (Count X); conspiracy (Count XI); and wrongful death (Count XII). Under each Count, the Plaintiff either "re-alleges, adopts and incorporates the preceding averments of this Complaint as if fully set forth herein" (*e.g.*, *id.* at 13, para. 63), or "hereby adopts and incorporates by reference all the above allegations" (*e.g.*, *id.* at 14, para. 69), or substantially similar language.

### IV. DISCUSSION

The Plaintiff's complaint constitutes a shotgun pleading in violation of Rule 8(a)(2) and Rule 10(b) in at least two respects. First, the complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See Weiland*, 792 F.3d at 1321. As a result, "most of the counts (i.e., all but

---

[2] The complaint alleges that the "Plaintiff is not certain of the precise covid-19 vaccine manufacturer." (Doc. 1-2 at 13, para. 62).

the first) contain irrelevant factual allegations and legal conclusions." *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (parenthetical in original). For example, the battery claim (Count IX) incorporates by reference the allegations of eight other claims, including failure to warn, fraud, and invasion of privacy. Similarly, the breach of contract claim (Count X) incorporates by reference the allegations of nine other claims, including battery, failure to warn, fraud, and invasion of privacy. In this situation, all counts but the first "include[] allegations that are irrelevant to the cause(s) of action the count ostensibly states." *See Lumley v. City of Dade City*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (parenthetical in original). For these reasons, the complaint as currently pleaded fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323.

The complaint also violates Rules 8(a)(2) and 10(b) because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See id.* Some Defendants are government entities, some are alleged to be manufacturers of COVID-19 vaccines, and some are alleged to have exercised "supervisory control over Isaiah Searcy during his internship and/or part-time employment" (doc. 1-2 at 4, paras. 8–10). Yet the complaint alleges, for example, that "Defendants have engaged in the business of creating, distributing, manufacturing, mandating, marketing and promoting covid-19 vaccines, which are unreasonably dangerous, and therefore defective" (*id.* at 13, para. 64), and that "*[a]ll*

*Defendants* . . . negligently manufactured, designed, tested, researched and developed, labeled, packaged, distributed, promoted, marketed, advertised, mandated, and sold the vaccines in the State of Alabama" (*id.* at 16, para. 84) (emphasis added). These allegations make no distinction among the thirteen named Defendants, even though it is apparent that "all of the defendants could not have participated in every act complained of." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). The group allegations for each cause of action "constitute shotgun pleading because they fail to give any defendant fair notice of the allegations against it." *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020). The lack of clarity engendered by the Plaintiff's group pleading is reinforced by the very limited factual allegations in the complaint about which Defendant committed which acts.

Finally, the complaint is a shotgun pleading because it fails, to a degree, to "separat[e] into a different count each cause of action or claim for relief." *See Weiland*, 792 F.3d at 1322–23. Specifically, Count VIII contains two claims: outrage and invasion of privacy. These two claims should be pleaded separately to promote clarity. *See* FED. R. CIV. P. 10(b).

The Plaintiff disputes that the complaint is a shotgun pleading and further points out that the complaint was originally filed in state court, where the pleading standard differs from federal court. The Plaintiff alternatively requests leave to amend the complaint to correct any deficiencies. The Court will grant the Plaintiff "one chance to replead." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). The Plaintiff is cautioned that the amended complaint must comply with Federal Rules of Civil Procedure

6

8(a)(2) and 10(b), as well as Rule 9(b) to the extent the amended complaint asserts any fraud claims. Failure to do so may result in the Court "dismissing [t]his case with prejudice on non-merits shotgun pleading grounds." *See id.*

## V. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's complaint is STRICKEN as an impermissible shotgun pleading;

2. **On or before October 10, 2024**, the Plaintiff shall file an amended complaint which complies with Federal Rules of Civil Procedure 8 and 10; Rule 9(b) to the extent the amended complaint asserts any fraud claims; and this Court's Order, including the following directives:

   a. If the Plaintiff's amended complaint asserts multiple claims, then those claims must not reallege or incorporate by reference the allegations of all preceding paragraphs;

   b. The amended complaint must include the specific factual allegations which are relevant to each individual claim;

   c. The amended complaint must specify "which of the defendants are responsible for which acts or omissions," *see Weiland*, 792 F.3d at 1323;

   d. The amended complaint may not state multiple claims within a single count, and each count must include or identify the specific factual allegations which support it.

7

3.      The motions to dismiss (docs. 20, 23, 26, 28, and 71) are DENIED as moot and without prejudice, with leave to refile at a later stage as appropriate.

DONE this 26th day of September, 2024.

                                        /s/ Emily C. Marks  
                              EMILY C. MARKS  
                              CHIEF UNITED STATES DISTRICT JUDGE